## STATE ex PHILLIPS v DILLON

Ohio Appeals, 2nd Dist, Clark Co.

No. 429.   Decided Jan. 26, 1942.

Morean & Gorman, Springfield, for plaintiff-appellant.

Martin T. Burnham, Springfield, and Malcolm E. Spencer, Springfield, for defendant-appellee.

### OPINION

BY THE COURT:

The issues made by the pleadings and the testimony involve the question as to whether or not the relator is entitled to a writ of mandamus requiring the respondent, the City Manager of the City of Springfield, to appoint him to the position of sergeant on the police force of the City of Springfield.

The pleadings are long and the briefs elaborate. The facts are not seriously controverted. We shall set out the allegations of the petition as briefly as possible to intelligently understand the issues.

The action was brought in the Common Pleas Court of Clark County. The original petition was demurred to, and the first and second amended petition filed. To the second amended petition there was a motion to strike certain portions thereof. The trial court regarded this motion as in fact a demurrer to the second amended petition and sustained the demurrer from which ruling of the Court appeal is taken.

The petition alleges that the relator has been for many years a patrolman in the Police Department of the City

64

of Springfield, and as such has been a classified employee under Civil Service; that on the 6th day of May, 1940, the City Manager notified the Civil Service Commission that a vacancy existed in the office of sergeant and requested the Commission to certify eligibles; that the Commission after conducting competitive examination did, on the 20th of July, 1940, certify the name of the relator for the position, and the City Manager on August 14th, did provisionally appoint him to said position, and on the 16th day of November said probationary period of ninety days expired and at that time the City Manager notified the Civil Service Commission that relator's services were unsatisfactory and that he would not permanently appoint him. The City Manager did not submit to the Commission the relator's service record, but at that time requested the Commission to certify the name of the next eligible for the position. The Commission, without the benefit of the service record of the relator, certified the name of Martin Donnelly.

It is asserted that thereafter relator formally requested that the Commission investigate the refusal of the City Manager to appoint relator, on the ground that certain police officers unduly discriminated against relator.

On receiving the request the Commission refused to sign the minutes of the meeting of November 16, 1940, certifying Donnelly. Before any action had been taken regarding the certification of Donnelly the City Manager promised that he would suspend any appointive action regarding Donnelly until such time as the Commission had had opportunity to come to a conclusion as to its affirmance or disaffirmance of the action of the City Manager in stating that the services of the relator were unsatisfactory. It is asserted that on the 16th day of January, 1941, the Commission held a hearing for the purpose of investigating the charges of discrimination, and while the matter was under advisement, and contrary to his previous agreement, the City Manager, on the 18th day of January,

probationally appointed Donnelly, although the City Manager knew that a decision was immediately forthcoming and that the Commission had, in effect, suspended its certification of Donnelly as the next eligible. The City Manager appointed Donnelly notwithstanding the fact that the thirty-day period specified by §486-13 GC, had expired and that the Commission had not re-certified an eligible. It is asserted that the Commission, on the 22nd of January, 1941, disaffirmed the action of the City Manager in refusing relator his permanent appointment. The Commission took a formal vote to the effect that the action of the City Manager in refusing the permanent appointment be disaffirmed, and that relator be reinstated, effective as of November 16, 1940. The Commission notified the City Manager of its action on the 22nd of January, 1941, whereupon the Manager notified the Commission that no vacancy existed on January 22, 1941, which would enable the City Manager to proceed with reference to the appointment of relator; that ever since the Manager has totally refused to recognize the right of relator after the Commission had disaffirmed his action in refusing to relator permanent appointment, and that by reason thereof relator has been deprived of his position as sergeant without adequate remedy at law.

The Court below found in favor of the respondent.

The first assignment of error is to the effect that the Court erred in sustaining the motion to strike a portion of the relator's second amended petition and treating the same as a demurrer. The Court in its decision upon the motion pointed out the fact that in passing upon prior demurrers to the petitions that it had held that the matter involved a promotional appointment and that it is governed by §486-13 and §486-15a GC. The Court found that the matters sought to be stricken were redundant and irrelevant, but in any event the second amended petition did not state a cause of action, and that the action on the part of the Commission in certifying the name of Don-

nelly constituted its approval of the respondent's refusal to appoint him, and that there were no new averments material to the issue in the second amended petition, and that the same does not constitute a cause of action.

This Court shall not expend time in determining whether or not the matters sought to be striken were as a matter of fact redundant and irrelevant, but shall consider the second amended petition as it was filed, including the matters stricken by the Court. The question is whether the relator is entitled, under the facts disclosed, to an order requiring the City Manager to re-instate him in the position now occupied by Martin Donnelly but to which the relator had been certified for promotional appointment.

In the entry journalizing the opinion of the Common Pleas Judge, it is recited that all of the averments sought to be stricken by the motion of defendant to strike are immaterial and redundant and should be stricken, but it is further recited that the motion is considered as a demurrer and, inasmuch as the averments in the second amended petition are the same as in the first amended petition, to which a demurrer has been sustained, the demurrer to the second amended petition as based upon the motion to strike, is therefore sustained. The plaintiff electing to plead no further, the second amended petition is dismissed.

Therefore, the principal question presented upon this appeal is whether or not the court erred in sustaining the demurrer to the second amended petition. It is our judgment that the plaintiff set forth in his second amended petition much subject matter which was not germane to his cause of action. This may have been prompted by the fact that the court had sustained demurrers to the original and first amended petition. The plaintiff's cause of action rises or falls upon a construction of §486-13 GC, the germane part of which section reads,

"At the end of the probationary period the appointing officer shall trans-

mit to the Commission a record of the employee's service, and if such service is unsatisfactory, the employee may, with the approval of the commission, be removed or reduced without restriction;"

It is plain, as stated in the opinion of Judge Matthias in State ex rel v McDonough, 132 Oh St 49, that there are "three steps required by the provisions of this section which are specifically, applicable to the situation here presented", one of which is the approval of the commission of the removal of the appointee. As to this it is said in the opinion,

"As a safeguard against arbitrary action of the appointing official or even his erroneous judgment as to the unsatisfactory character of the probationary appointee's services, his removal at the termination of the probationary period cannot be made effective without the approval of the civil service commission. But with that approval, such removal or reduction is 'without restriction'. No right is granted by this statute to probationary appointees to appeal to the civil service commission or to have a hearing upon the question of the character of the service rendered by him, as is granted by §§436-17 and 486-17a GC, to permanent appointees." (Emphasis ours).

This latter quotation is also dispositive of the effect of the action of the City Commission in this case upon the claim of relator to the Commission that he had been discriminated against, if such claim was in the nature of an appeal. The recitation of this application of the relator, the circumstances under which it was made and the action of the commission thereon, if plaintiff had stood upon his rights under §486-13 GC, would properly have become the subject of pleading only if the defendant by answer had set up facts to establish that the commission had approved the removal of relator.

The plaintiff's case in the first instance rests upon the sole question

whether or not the commission approved the removal based upon the certification from the appointing officer that the relator's service was unsatisfactory. The second amended petition avers in substance that the commission had not so acted and that the appointing officer did not transmit to the commission a record of the employee's service record.

The judge who passed upon the demurrer was of opinion that the act of the Commission in certifying an eligible for appointment to succeed relator constituted the approval of the commission of the finding and action of the appointing officer. It is obvious that the Commission did not in terms approve such action. If it is held that it so acted, it is because of a principle of implied approval or an estoppel to deny approval. We do not believe that either of these principles may be invoked to take the place of a definite and positive act of approval by the Commission.

Estoppel may not be given application against the relator and in favor of the respondent because, upon the state of the pleading, the respondent was not misled by reliance upon the act of the Commission in certifying an eligible for appointment to the position of Police Sergeant. He knew before he made the appointment that the Commission did not construe its certification of an eligible as an approval of the removal of the relator.

As we have heretofore stated, the second amended petition sets out averments which it would not have been necessary to include upon the theory upon which the relator may have stated a cause of action. We do not have the original petition and the first amended petition before us, and if we had, we could not give the relator the benefit of either of them because he did not elect to stand upon either. Upon the state of the record, as we have it, we are satisfied that the amended petition, including the matter stricken, states a cause of action and as such matter includes the material averment that the Commission did not approve the re-

moval of the relator, the motion to strike should not have been sustained.

The judgment will be reversed and if defendant does not desire to plead further, judgment may be entered for the relator, without any inclusion of a money judgment.* Otherwise, cause remanded and judgment overruling the motion to strike as such and as a demurrer.

*State ex rel Greenlun v Beightler, 137 Oh St 377, 64 Oh Ap 294.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

